BENJAMIN D. ANDERSON *vs.* HENRY DUKE et al.

Where A. filed a bill in the chancery court against B., as administrator of the estate of C., alleging that the estate had been declared insolvent, and commissioners appointed to audit claims against it, which greatly exceeded the amount of assets which the administrator had reported to the probate court; and the bill further charges that the administrator had not paid any of the debts of the estate, and that he had bought up many of the claims at a great discount, using the funds of the estate for that purpose, and he now holds such claims as vouchers for the money paid by him in discharge of them; and that the administrator has had large sums of money reported by him as funds of the estate in his hands, for a long time, and has used them in buying property and loaning them out at interest; whereby he has acquired much property, and made great profits to himself, &c., and that he resists all steps taken by the creditors in the probate court to compel him to a final settlement or distribution among the creditors, and he refuses to file in that court the vouchers of all the claims purchased by him, for which he has taken receipts in full, though purchased at a great depreciation. The prayer of the bill is for a discovery as to the claims purchased by him, and what property he has purchased with the funds of the estate; and what amount he has loaned at interest; that he be compelled to account for such funds and property, and he be declared a trustee of the property purchased for the complainant, &c. *Held*, that the probate court is the proper tribunal to compel a true account of the assets of the estate received by the administrator, and to make discovery in relation thereto; to compel the administrator to a final settlement and a distribution to the creditors; to hold him accountable for interest received by him upon the funds of the estate loaned, and to make a decree of final distribution of the assets among the creditors, as well as to treat such claims as were purchased by the administrator, as fraudulently paid by him at a great depreciation for his own benefit as extinguished, and exclude them from distribution, except to allow him the amount actually paid by him on account of them; but the chancery court only has the power to subject the specific property purchased by the administrator in his own name, with the funds of the estate to its jurisdiction, and have it applied to the payment of the claims against the estate.

ON appeal from the northern district chancery court at Holly Springs; Hon. Henry Dickinson, vice-chancellor.

The opinion of the court contains a sufficient statement of the facts of the case.

Anderson *v.* Duke et al.

*George T. Swann*, for appellant,

Cited and commented on the following authorities: Hutch. Code, 660, § 71–75; Ib. 661, § 79; 3 How. 257; *Blanton* v. *King*, 2 Ib. 856; *Green* v. *Creighton*, 10 S. & M. 159; *Caruth* v. *Anderson*, 24 Miss. 60; Ib. 183; 3 How. 255; 7 Ib. 316; *Compton* v. *Compton*, 6 S. & M. 197.

*Freeman* and *Dixon*, for appellees,

In reply, cited Hutch. Code, 668; *Satterwhite* v. *Littlefield*, 13 S. & M. 302; *Vuheer* v. *Martin*, 10 Ib. 103; Acts of Leg. 1846, p. 144; *Green* v. *Creighton*, 10 Ib. 159; *Marmichael* v. *Brander*, 3 How. 257; *Blanton* v. *King*, 2 Ib. 856; 4 Art. of Miss. Constitution, § 18; 10 S. & M. 707.

Mr. Justice HANDY delivered the opinion of the court.

This was a bill filed by the appellees against the appellant in the district chancery court at Holly Springs. The allegations of the bill, material to the decision of this appeal, appear to be in substance, as follows: The complainants are creditors of Aaron Root, deceased, of whom the appellant was administrator at the time of filing the bill. They allege that the intestate's estate was large, and that large sums of money came to the hands of the appellant; that he reported the estate insolvent in 1841, and that commissioners appointed to audit claims against it, reported claims greatly exceeding the amount of assets which the administrator had reported to the probate court. These are the claims upon which the bill is filed, and their amounts respectively are stated in the bill. They charge that the administrator had not paid any of the debts of the estate; that he has bought up many of the claims at a great depreciation, using the funds of the estate for that purpose, and now holds such claims as vouchers for money paid by him in discharge of them; that he has had the large sums of money reported by him as funds of the estate in his hands for a long time, and has used them in buying lands, negroes, and other property, and in loaning them at interest, whereby he has acquired much property, and made great profits to himself; that

Anderson *v.* Duke et al.

they are not able to specify the claims bought up by him, nor the amount of money of the estate received by him, nor the particular property purchased by him with the funds of the estate; that he resists all steps taken by the creditors in the probate court to compel him to a final settlement or distribution among the creditors, and withholds and refuses to file in that court the vouchers of the claims purchased by him, for which he has taken receipts in full, though purchased at a great depreciation, in order to have distribution made by the court according to the report. The prayer is for discovery as to the claims purchased by him, and what property he has purchased with the funds of the estate, what amount he has loaned at interest; that he be compelled to account for such funds and property, and be declared a trustee of the property purchased for the complainants, &c.

After the appellant had answered the bill, an amended bill was filed reiterating the charge of the purchase of claims against the estate and property, with the funds of the estate, and especially that he bought certain negroes with such funds, and took the title in his own name, and now pretends to hold them as his individual property, when he should be declared to hold them as trustee for the creditors; and this bill shows that since the original bill was filed, the appellant has been removed as administrator, and a new administrator appointed. The prayer is for an account of all assets and effects of every kind in his hands belonging to the estate, and for general relief. To this bill, the appellant filed a demurrer, which was overruled, and from that order this appeal is taken.

The ground of error insisted upon in behalf of the appellant is, that a court of chancery has not jurisdiction to grant the relief prayed for, because the probate court has full and exclusive jurisdiction, and is competent to grant the relief sought; and hence that the demurrer was improperly overruled.

It is undoubtedly true, that the probate court is the proper tribunal in which to obtain relief upon several of the matters set up in the original and amended bills. Thus the probate court was the appropriate tribunal to compel a true account of the assets received by the administrator, and to make discovery

8 *

in relation thereto; to compel the administrator to a final settlement, and a distribution to the creditors of the sums due them respectively; to hold him accountable for interest received by him upon funds of the estate loaned. ' It would also be within the powers of the probate court, in making the decree of final distribution of the assets among the creditors, to treat such claims as were purchased by the administrator with the funds of the estate, or fraudulently paid by him at a great depreciation for his own benefit, as extinguished, and exclude them from the distribution, except to allow him the amount actually paid by him on account of them.   But that court would have no power to subject the specific property which the administrator had acquired in his own name by the funds of the estate, to its jurisdiction, and have it applied to the payment of the claims against the estate.   Such a power belongs exclusively to a court of equity, and it is especially invoked in the amended bill in this case.

The bill being good in this respect, and the demurrer being to the whole bill, it was properly overruled.

The decree is, therefore, affirmed, and the cause remanded, and the appellant required to answer the part of the bill above mentioned within ninety days.